NOTICE

Decision filed 02/24/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250975-U

NO. 5-25-0975

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 25-CF-281 |
| | ) | |
| ROBERT J. RYAN, | ) | Honorable |
| | ) | Matthew E. Vaughn, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Sholar and Clarke concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court's orders granting the State's verified petition to deny defendant pretrial release and denying defendant's motion for relief are affirmed.

¶ 2   Defendant, Robert J. Ryan, appeals the November 24, 2025, order of the circuit court of Jefferson County that granted the State's petition to deny pretrial release and the December 1, 2025, denial of his motion for relief and immediate release. Defendant filed a timely notice of appeal, and the Office of the State Appellate Defender (OSAD) was appointed to represent defendant. Defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that he poses a real and present threat to public safety or that no less restrictive conditions would suffice. For the reasons that follow, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4     On November 21, 2025, defendant was charged by information with one count of unlawful violation of an order of protection (OP), a Class 4 felony. 720 ILCS 5/12-3.4 (West 2024). On the same day, the State filed a verified petition to deny defendant pretrial release. The petition alleged that defendant should be denied pretrial release because defendant violated an OP and his pretrial release would pose a real and present threat to the safety of any person or persons or the community. 725 ILCS 5/110-6.1(a)(3) (West 2024). Further, the petition alleged that no less restrictive conditions exist which would guarantee defendant's compliance.

¶ 5     On November 24, 2025, the circuit court conducted a hearing on the State's petition to deny pretrial release. In addition to the verified petition filed in the present matter, the State filed a "notice of intent to activate stayed jail sentence" in Jefferson County cases 25-CF-110 and 25-CF-154, which were also set for hearing on the same day.[1] The circuit court heard all three motions simultaneously.

¶ 6     The State proceeded by proffer, stating that Officer Mischke[2] of the Mt. Vernon Police Department (MVPD) would testify that on November 20, 2025, at approximately 12:48 p.m., he responded to a report of a possible violation of an OP at the intersection of 27th Street and Broadway in Mt. Vernon. Upon arrival, Officer Mischke spoke with Melissa Gordon. Gordon is the protected party in Jefferson County case 25-OP-209 and the victim in Jefferson County cases

---

[1]On August 5, 2025, in Jefferson County case 25-CF-110, defendant pled guilty to the charge of domestic battery, a Class 4 felony, and was sentenced to, *inter alia*, 180 days in jail. Defendant's jail sentence was stayed as a condition of probation. The same day, in Jefferson County case 25-CF-154, defendant pled guilty to a separate charge of domestic battery, a Class 4 felony, and was sentenced to, *inter alia*, 180 days in jail. Defendant's jail sentence was stayed as a condition of probation. An appellate court may take judicial notice of readily verifiable facts, such as the online docket of court filings. *People v. Johnson*, 2021 IL 125738, ¶ 54.

[2]Officer Mischke's first name was not identified in the record.

2

25-CF-110 and 25-CF-154. Gordon reported that defendant, her ex-boyfriend and the subject of a valid OP, had confronted her both earlier that day and just prior to Mischke's arrival.

¶ 7     Gordon stated that while parked near the Jefferson County jail for a Door Dash delivery, defendant approached her on a bicycle, entered her vehicle, and grabbed her arm, and she attempted to remove him from the vehicle. She reported that defendant yelled and cursed at her. Gordon indicated the defendant did not strike her but did grab her arm. Concerned for her safety, Gordon drove to a nearby Huck's gas station, where defendant exited the vehicle.

¶ 8     Officers located defendant at approximately 1 p.m. on Park Avenue and took him into custody. The State further proffered that Detective Brylan Morlan of the MVPD would testify that defendant acknowledged the existence of a valid OP but denied having contact with Gordon. Defendant claimed that Gordon frequently threatened to accuse him of violating the OP and that Gordon had been messaging him that day, stating that he only responded to her messages. A search incident to arrest revealed that defendant possessed a knife, a flashlight, and a wallet.

¶ 9     Defendant proffered that he was 39 years old, held a GED, and had been a Jefferson County resident for 27 years. Defendant had a sister who also resided in Jefferson County. Defendant was unemployed except for "odd jobs" that he performed. Defendant was not on bond, pretrial release, parole, or work release at the time of his arrest. Defendant had never been sentenced to the Illinois Department of Corrections. He had a history of one prior failure to appear. Defendant expressed a willingness to comply with conditions of pretrial release.

¶ 10    The State argued that defendant was in violation of an existing probation order, which required, among other things, that he secure employment and not commit further criminal conduct. The pretrial investigation report indicated that defendant reported using methamphetamine on November 20, 2025. The pretrial investigation report also listed defendant's extensive criminal

3

history, which included four felony and four misdemeanor convictions. The four most recent convictions entered in 2024 and 2025 were for domestic battery and violation of an order of protection. Additionally, at the time of his arrest, defendant was on active supervision in four cases. The State emphasized defendant's repeated violations of the OP and argued that no less restrictive conditions would ensure compliance or protect Gordon's or the public's safety. The State requested that defendant be detained pending the disposition of the case.

¶ 11 Defendant's counsel argued that defendant did not pose a danger to Gordon or the public and that placement in a drug treatment facility would be more appropriate than incarceration. Defendant's counsel argued that Gordon did not suffer an injury. He reiterated defendant's community ties, employment efforts, and willingness to submit to conditions such as electronic monitoring and home confinement. The State responded that home confinement was inappropriate given defendant's reported homelessness, as he stayed in the garage of a friend's home at the time of the offense.

¶ 12 The circuit court granted the State's petition, finding that defendant was charged with a qualifying offense and that his release posed a real and present threat to the safety of others. The circuit court relied on unrebutted evidence that defendant had actual notice of a plenary OP entered after a contested hearing and nonetheless violated that order. The circuit court further considered defendant's history of domestic violence and prior violations of protective orders and found that no condition or combination of conditions could ensure compliance or safety. The circuit court found that ample proof and competent evidence were presented to lift the stays of the jail sentences in Jefferson County cases 25-CF-110 and 25-CF-154. The circuit court entered an order of detention on November 24, 2025, which contained the court's reasoning and written findings for denying defendant pretrial release. The circuit court found defendant should be denied pretrial

4

release "to protect Melissa Gordon and to [ensure] that the Court's Order of Protection is adhered to." The circuit court found that less restrictive conditions would not assure the same for any person or the community based on "Defendant already subject to a stay away condition as a probation condition as well as a plenary Order of Protection, to no avail."

¶ 13     On November 24, 2025, defendant filed a motion for relief and immediate pretrial release. See Ill. S. Ct. R. 604(h) (eff. Apr. 15, 2024). Defendant's motion for relief stated, *inter alia*, as follows:

"6. Following said hearing, the Court made the following findings by clear and convincing evidence:

a. The proof is evident or the presumption great that the defendant has committed a qualifying offense;

b. The defendant poses a real and present threat to the safety of any person or person or the community, based on the specific articulable facts of the case;

c. No condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons;

7. The Court erred in granting the State's Petition to Deny Pre-Trial Release at said hearing, in that the State failed to meet its burden of proving by clear and convincing evidence any of the above in that:

a. The Court failed to fully consider Defendant's ties to the community.

b. The Court failed to fully consider Defendant's willingness to abide by any terms of pre-trial release.

c. The Court failed to fully consider Defendant's employment opportunities.

5

d. No weapon was used in the commission of the alleged defense [*sic*].

e. No one was injured in the commission of the alleged defense [*sic*]."

¶ 14 On December 1, 2025, by agreement of the parties, the circuit court heard defendant's motion for relief and preliminary hearing simultaneously. First, defendant's counsel argued that at the original hearing on the petition to deny pretrial release, the circuit court failed to fully consider defendant's ties to the community and his willingness to abide by any terms of pretrial release. Counsel further alleged that the circuit court failed to consider defendant's employment prospects, the lack of injury to any person from the occurrence, and that no weapon was used in the charged offense.

¶ 15 Next, as the parties had agreed to proceed on two matters simultaneously, the State offered testimony before proceeding with argument on the motion for relief. Detective Morlan of the MVPD testified for the State. Detective Morlan testified that on November 20, 2025, he was called to the scene at the Huck's gas station to aid in the search for defendant. After a few minutes of patrolling, Detective Morlan observed defendant on his bicycle turning off Salem Road onto Park Avenue, where he conducted a traffic stop and advised defendant of the reason for the contact. Defendant was then detained. Detective Morlan gave defendant his *Miranda*[3] rights and questioned him further. During that questioning, defendant acknowledged that he knew he had an OP against him preventing him from seeing Gordon. He admitted to speaking with Gordon and exchanging text messages with her. Defendant did not admit to ever being in the same vehicle as Gordon. The circuit court interrupted the testimony and noted, "That's enough ***. I'm going to make a finding of probable cause ***."

---

[3]*Miranda v. Arizona*, 384 U.S. 436 (1966).

¶ 16    The State then presented argument on the motion for relief. The State maintained its position that detention was necessary, noting defendant's admitted methamphetamine use, extensive criminal history involving domestic violence and OP violations, his current probation status in a separate domestic battery case, and the continued validity of the plenary OP through July 29, 2027. The State argued that less restrictive conditions had previously proven ineffective. Defendant's counsel responded by alleging that defendant felt he had been "baited" into the alleged violation by Gordon and reiterated his request for release on home confinement with electronic monitoring.

¶ 17    Upon the conclusion of the hearing, the trial court denied the defendant's motion for relief. The circuit court considered

> "the testimony of Detective Morlan and the argument and representations of counsel at this hearing and even the presentation of evidence at a preliminary hearing in the midst of this hearing. The Court sees no reason, no cause whatsoever to disturb the previous court finding of detention for [defendant]. As such, the Court affirms and ratifies, endorses and upholds the previous order entered by the Court with respect to his detention."

The circuit court further stated, "I can't imagine under these facts, these circumstances, the evidence presented *** that it was the legislative intent *** under these circumstances to release [defendant] with pretrial conditions." Defendant timely appealed.

¶ 18                                II. ANALYSIS

¶ 19    On appeal, OSAD was appointed to represent defendant. Defendant filed a memorandum in support of his appeal pursuant to Rule 604(h). Defendant's memorandum argues that the circuit court erred in finding that the State met its burden of proving that defendant posed a real and

present threat to the safety of any person or persons or the community. Further, defendant argued that the State failed to meet its burden that no less restrictive means can be used.

¶ 20    Defendant's motion for relief and memorandum did not assert an argument regarding whether the proof is evident or presumption great that he committed a qualifying offense; as such, this issue is waived under Rule 604(h)(2):

> "As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

As such, we only consider the remaining issues of whether defendant posed a danger to any person or community as a whole and whether any condition or conditions could mitigate that threat of danger.

¶ 21    Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2024). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden of proving by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions

would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The State or the defendant may present evidence to the trial court by way of proffer based upon reliable information. *Id.* § 110-6.1(f)(2). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes that the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 22    Our standard of review of pretrial release determinations is dependent on whether the trial court heard live witness testimony or whether the parties proceeded solely by proffer or submission of documentary evidence. Where the parties to a pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the circuit court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54. However, where the circuit court is asked to consider the testimony of live witnesses, and make factual findings, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, that the defendant has a high likelihood of willful flight to avoid prosecution, or that the defendant failed to comply with previously ordered conditions of pretrial release, our review is under the manifest weight of the evidence standard. *Id.* "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 23    Defendant's memorandum does not advocate for the use of one standard of review over another. Instead, the memorandum argues that under either the *de novo* standard of review or the

manifest weight standard of review, this court should reverse the circuit court's detention order. Defendant's memorandum notes that this court has applied the manifest weight standard of review to cases, such as this one, where "the State presents live testimony at the probable cause hearing which is *held concurrently* with the hearing on the motion for relief." (Emphasis added.) See *People v. Davis*, 2025 IL App (5th) 250715-U, ¶ 20; *People v. Nabors*, 2025 IL App (5th) 250720-U, ¶ 21; *People v. Ganaway*, 2025 IL App (5th) 250706-U, ¶ 42. Meanwhile, the Fourth District, in *People v. Yarbrough*, 2025 IL App (4th) 250915-U, ¶ 27, applied the *de novo* standard of review when the circuit court relied upon the live testimony of a law enforcement officer given at the preliminary hearing, which occurred after the initial detention hearing, but prior to the hearing on the defendant's motion for relief. *Id.* ¶ 26. The Fourth District, following the First District, found that "[a] hearing under Rule 604(h) should consist only of 'an examination of the State's evidence at the initial detention hearing.' " *Id.* (quoting *People v. Williams*, 2024 IL App (1st) 241013, ¶ 29).

¶ 24     At the motion for relief hearing in this case, the parties agreed to proceed simultaneously on the motion for relief and the preliminary hearing. The circuit court relied upon the testimony presented when ruling on the motion for relief. Accordingly, we find the manifest weight of the evidence standard to be appropriate under *Morgan*. *Morgan*, 2025 IL 130626, ¶ 54.

¶ 25     The record shows that following the initial detention hearing, the circuit court considered the presentation of evidence by proffer, the pretrial investigation report, and arguments of counsel. The circuit court noted that defendant was provided actual notice of the OP previously entered on July 29, 2025, in the Jefferson County case 25-OP-209. As a prerequisite to entering the OP, the circuit court had to first determine that Gordon had been abused by defendant. 750 ILCS 60/214(a) (West 2024). However, defendant was unable to maintain compliance with the order, and made physical contact with the protected party, Gordon. Further, when defendant was detained shortly

10

after the occurrence, he was in possession of a knife. Also, other less restrictive means, like the OP's order of no contact with Gordon, had been tried but did not protect Gordon.

¶ 26   At the simultaneous hearing on the motion for relief and preliminary hearing, the circuit court heard and relied upon testimony from Detective Morlan. Detective Morlan detained and spoke to defendant. Defendant admitted knowing an OP was in place and admitted speaking to Gordon.

¶ 27   Based on the foregoing facts, the circuit court found that defendant posed a danger to Gordon and no condition or combination of conditions, including home confinement and electronic monitoring, could reasonably mitigate the danger. The circuit court's findings are not against the manifest weight of the evidence, as an opposite conclusion is not clearly evident, or the finding itself is not unreasonable, arbitrary, or not based on the evidence presented. Further, we find that the record contradicts the defendant's contentions that the circuit court overlooked his community ties, employment opportunities, or any other factors in his favor—rather, the court determined that these were insufficient to overcome the weight of the factors against allowing pretrial release. Regarding defendant's expressed willingness to abide by any terms of pretrial release, the trial court found ample evidence that he would not abide by any such terms, as we explained above. We thus conclude that the trial court did not err in either granting the State's petition or denying the defendant's motion for relief. Further, we note that the result would have been the same had we applied *de novo* review, as there was ample evidence to support the findings that defendant posed a danger to Gordon and that conditions would not mitigate this danger.

¶ 28                                        III. CONCLUSION

¶ 29    Based on the foregoing reasons, we affirm the circuit court of Jefferson County's orders

granting the State's verified petition to deny pretrial release and denying defendant's motion for

relief.

¶ 30    Affirmed.